# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| DECADE, S.A.C., LLC, *et al.*, | Bankruptcy Case No. 18-11668 (CSS) |
| Debtors. | |
| DAVID W. CARICKHOFF, *solely in his capacity as chapter 7 Trustee*, | |
| Appellant, | |
| v. | C.A. No. 22-291-MN |
| AARON GOODWIN and ERIC GOODWIN, | Bankr. BAP No. 22-14 |
| Appellees. | |
| XXIII CAPITAL LIMITED, | |
| Appellant, | |
| v. | C.A. No. 22-290-MN |
| AARON GOODWIN and ERIC GOODWIN, | Bankr. BAP No. 22-13 |
| Appellees. | |
| DAVID W. CARICKHOFF, *solely in his capacity as chapter 7 Trustee*, | |
| Appellant, | |

|  |  |
|---|---|
| v.<br>AARON GOODWIN and ERIC GOODWIN,<br><br>Appellees. | C.A. No. 22-292-MN<br>Bankr. BAP No. 22-15 |

## RECOMMENDATION

At Wilmington this **8th** day of **April, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

The three Appeals involved in 22-290 (main "Bankruptcy Case"), along with 22-291 and 22-292, have been assigned to the Honorable Maryellen Noreika, and were consolidate in an Order for procedural purposes and for related relief on March 31, 2022 found at D.I. 7 in 22-290-MN.

The Unopposed Motion to Consolidate for Procedural Purposes was filed by David W. Carickhoff, solely in his capacity as chapter 7 Trustee ("Trustee"), and XXIII Capital Limited ("23 Capital"). The 22-290 appeal was filed by 23 Capital and the 22-291 and 22-292 appeals were filed by the Trustee. Pursuant to this Order, all documents and papers for these matters are to be filed in 22-291-MN.[2]

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

[2] The Appellees (Aaron and Eric Goodwin) did not opposed consolidation and joint administration of these Appeals.

23 Capital and the Trustee appeal from very similar issues in the Bankruptcy's Court Memorandum Order date February 17, 2022, with both arguing that the Court erred as follows by: a) vacating the Stipulation Order and Retention Order; b) disqualifying the Firms pursuant to 11 U.S.C. §§ 328; c) holding that modification of the stipulation created an actual, non-waivable conflict requiring Special Counsel's disqualification; and 4) holding that actual, non-waivable conflict of interest regarding the Firms' representation of both 23 Capital and the Trustee as Special Counsel was not waivable by the Trustee, and in fact, was not so waived.

The Trustee and Appellees attempted to settle the Adversary Proceeding on two occasions through mediation.  These parties initially mediated before the Hon. Andrew J. Peck (ret.), pursuant to an order of the Bankruptcy Court of September 25, 2019.  No resolution occurred.  These parties also mediated before the Honorable Brendan L. Shannon of the Bankruptcy Court on October 25,2021 which did not result in settlement.

The parties favor mediation that covers all underlying issues in the Adversary Proceeding.  Appellees request that mediation be conducted by one of the prior mediators in light of the familiarity with the issues and the parties' respective positions.  Neither 23 Capital and the Trustee do object to the Hon. Brenden L. Shannon serving as the mediator.

Appellees also request that the mediator invite certain non-parties identified in the Order to mediation to attempt to negotiate a global resolution of all issues among the relevant parties.  Neither 23 Capital and the Trustee oppose such an invitation, however, they maintain that the parties should mediate regardless of whether those

3

non-parties participate.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), the following Appeals be mediated 22-290, 22-291 and 22-292 and if possible before the Honorable Brendan L. Shannon, since all parties are in agreement for this judge serving as the mediator.  The parties shall be responsible in making the arrangements for Judge Shannon's services and any expenses related thereto.

Regarding whether mediation should occur in the absence of certain non-parties participation, this judge recommends that mediation should occur regardless of those non-parties participation.

Through this Recommendation, the parties are advised of their right to file objections to the same pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.


/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge